IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------X
                                                        :
MICHAEL STINSON                                         :          3:13 CV 1563 (JBA)
                                                        :
V.                                                      :
                                                        :
CITY OF BRIDGEPORT ET AL.                               :          DATE: AUGUST 12, 2014
                                                        :
-------------------------------------------------------X

<u>RULING ON PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCOVERY AND FOR
SANCTIONS</u>

On October 25, 2013, plaintiff commenced this Section 1983 action (Dkt. #1), followed by an Amended Complaint, filed November 14, 2013 (Dkt. #7), followed by a Second Amended Complaint, filed April 15, 2014 (Dkt. #19).   The Second Amended Complaint includes ten defendants, including two police officers in the Bridgeport Police Department ["BPD"], Joseph Lawlor and Elson Morales, four Sergeants in the BPD, Manuel Cotto, Joseph Adiletta, Tjuana Bradley-Webb, and Ronald Mercado, one Lieutenant in the BPD, Rebecca Garcia, the Chief of the BPD, Joseph Gaudett, Jr., the Mayor of the City of Bridgeport, William Finch, and the City of Bridgeport itself, regarding three allegedly "rogue cops" in the BPD, namely defendants Mercado, Morales and Lawlor.   Five counts are included:  municipal liability under Section 1983 against defendants Bridgeport, Finch, Gaudett, Garcia, Cotto, Adiletta and Bradley-Webb (Count One); municipal liability under Section 1983 against defendants Bridgeport, Garcia, Gaudett and Finch (Count Two); and excessive force under Section 1983, common law assault, and common law battery against defendants Mercado, Morales and Lawlor (Counts Three, Four and Five).

Under an electronic scheduling order filed by U.S. District Judge Janet Bond Arterton on May 5, 2014, all discovery is to be completed by March 31, 2015, and all dispositive

motions are to be filed by May 15, 2015.  On July 7, 2014, plaintiff filed the pending Motion for Order Compelling Discovery and Motion for Sanctions with briefs in support (Dkts. ##20-21),[1] as to which defendants filed their objection, affidavit, and briefs in opposition three weeks later.  (Dkts. ##22-23).  On August 1, 2014, plaintiff filed his reply brief.  (Dkt, #25).  That same day, Judge Arterton referred this file to this Magistrate Judge.  (Dkt. #24).

Only one category of documents remains in dispute.[2]  Interrogatories Nos. 2-12, and Requests for Production Nos. 4(i)-(n), 7, and 11-12, all concern plaintiff's Monell claims, as to which defendants objected on the basis of the time frame covered (2006 to 2013) which was outside the time period alleged in the complaint (namely 2011-12), and on the basis of the scope of information sought (all members of the BPD instead of just the three allegedly "rogue" police officers).  (Dkt. #20, Brief at 7-12, 15-16 & Exhs. A-B, F-G).  Plaintiff's counsel represent that "[a]s a compromise," they had offered to reduce the time periods to five years, and to provide a protective order with respect to confidential information.  (Id. at 5).  In their brief in opposition, defendants again assert these discovery requests are overbroad, in seeking information regarding all police officers over a seven to ten year period.  (Dkt. #23, at 5-10).  In his reply brief, plaintiff argues that all this discovery is necessary because

---

[1]The following eight exhibits were attached: copy of Plaintiff's First Set of Interrogatories to Defendant Bridgeport, dated December 30, 2013 (Exh. A); copy of Plaintiff's First Set of Requests for Production to Defendants Bridgeport, Gaudett and Finch, also dated December 30, 2013 (Exh. B); copy of Defendants' Motion for Extension of Time, dated January 28, 2014 (Exh. C; see also Dkt. #13); copies of Defendants' Motions for Extension of Time, dated February 27, 2014 (Exhs. D-E; see also Dkts. ##15-16); copy of Defendant Bridgeport's Objections to Plaintiff's First Set of Interrogatories, dated February 28, 2014 (Exh. F); copy of Defendant Gaudett and Finch's Objections to Plaintiff' First Set of Requests for Production, also dated February 28, 2014 (Exh. G); and affidavit of plaintiff's counsel, sworn to July 3, 2014 (Exh. H), with time records attached (Att. 1).

[2]Defendants object on multiple grounds, including that they intend shortly to respond to all discovery requests to which no objections were made, these motions were premature because no significant discussions were ever held between counsel, and sanctions are not appropriate. (Dkt. #22, at 1-3, Brief, at 2-5; Dkt. #23, at 1-2).

"the misconduct of these three rogue officers was the result of a long-standing and widespread custom or policy of deliberate indifference on the part of [BPD] management[.]" (Dkt. #25, at 1-3).  With respect to Interrogatories No. 2-12, and Requests for Production Nos. 4(i)-(n), 7, and 11-12, plaintiff is entitled to discovery for the period 2008 through 2013 (three years prior to the incidents at issue and through the filing of this lawsuit), for <u>all</u> complaints against the three allegedly "rogue" officers, namely defendants Mercado, Morales and Lawlor, and for <u>all</u> complaints against other police officers that allege excessive force.[3]

Plaintiff's counsel is also seeking attorney's fees in that the defendants sought extensions "for an improper purpose – namely to cause unnecessary delay in the proceedings in this case[.]"   (Dkt. #20, Brief at 16-20; Dkt. #21).    Given defense counsel's representations that there had been only limited discussions about the objections (Dkt. #22 & Brief at 2-4; Aff't, ¶¶ 5-9),[4] plaintiff's request for attorney's fees is <u>denied without prejudice</u>.[5]

---

[3]Counsel shall confer further to reach a consensus as to what constitutes a "compliance audit" in Request No. 12.  (<u>See</u> Dkt. #20, Brief at 15-16; Dkt. #23, at 11).

The second category of discovery requests, Requests for Production Nos. 1(g)-(h), 2, 3 and 6, all concern "an elite unit" within the BPD, know as the "Violent Crime Initiative" ["VCI"], as to which defendants similarly objected on the basis of overbreadth of time and scope of employees, and privacy; plaintiff believes that VCI members seem to be involved in excessive force matters and he is willing to enter into an appropriate protective order.  (Dkt. #20, Brief at 12-15 & n.5).

In their brief in opposition, defendants have withdrawn their objections to Nos. 1(g), 2 and 3,  have withdrawn their objection to No. 1(h) except to the extent the request seeks any "psychological reviews" of the officers or any time period prior to the officer being assigned to VCI, and have withdrawn their objection to No. 6 except with respect to personal information (such as family, health).  (Dkt. #23, at 10-11).

Insofar as plaintiff's reply brief does not address these discovery requests, the Magistrate Judge will assume that plaintiff does not object to defendants' limited objections.

[4]Plaintiff's reply brief similarly does not address this issue.

[5]These filings are a very sad reflection upon the practice of law in the 2010's.

Accordingly, for the reasons stated above, plaintiff's Motion to Compel (Dkt. #20) <u>is granted with respect to Interrogatories Nos. 2-12, and Requests for Production Nos. 4(i)-(n), 7, and 11-12, so on or before</u> **September 12, 2014**<u>, defendants shall respond for the period 2008 through 2013, for all complaints against the three allegedly "rogue" officers, namely defendants Mercado, Morales and Lawlor, and for all complaints against other police officers that allege excessive force.</u>   Plaintiff's Motion for Sanctions (Dkt. #21) is <u>denied without prejudice</u>.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).[6]

Dated at New Haven, Connecticut, this 12th day of August, 2014.


 /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[6]If either counsel believes that a settlement conference before this Magistrate Judge could be productive, he or she should contact Chambers accordingly.

4